# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SEMANTIC ENGINES LLC,<br><br>Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:26-cv-339-JRG |

**[PARTIALLY DISPUTED] PROTECTIVE ORDER**

WHEREAS, Plaintiff Semantic Engines LLC ("Semantic") and Defendant Microsoft Corporation ("Microsoft"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action may involve the production or disclosure of trade secrets; confidential business information; information protected under federal, state or foreign Data Protection Laws or other privacy obligations; or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows:

"CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2. Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or the like shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) discovery responses, including answers to interrogatories and to requests for admission; and (f) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Unauthorized or illegal distribution or publication of documents, information, or material without the producing Party's permission shall not be deemed a waiver, in whole or in part, of a claim for confidential treatment of said unauthorized or illegally distributed or published documents, information, or material. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon irrespective of any other potential remedies provided in Federal Rule of

Civil Procedure 26(b)(5)(B). In the event of a disclosure of any Protected Material, by inadvertence or otherwise, to any person or persons not authorized to receive such disclosure under this Order, or in any circumstance not authorized under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the designating Party whose Protected Material has been disclosed and shall use its best efforts and cooperate in good faith to retrieve all unauthorized copies of the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, including informing the person or persons to whom unauthorized disclosure was made of all the terms of this Order and requesting that such person or persons complete the Undertaking attached as Appendix A hereto.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

a. outside counsel of record in this Action for the Parties;

b. employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c. in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, and their employed support staff who are reasonably necessary to assist such counsel in the litigation of this Action;

d. up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent. Each designated representative shall be disclosed five (5) business days prior to receiving access to any Protected Material and complete the Undertaking attached as Appendix A hereto;

e. outside consultants or experts (i.e., not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or

experts are not presently employed by the Parties hereto or their affiliates for purposes other than this Action; and (2) such consultants or experts are not, and have not within the preceding one (1) year been, employed by a competitor of the Party from whom disclosure is sought; (3) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. Within the ten (10) day period, the producing Party may notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. In the event of such a dispute, no disclosure shall occur until all such objections are resolved by agreement or Court order;

f. independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services including mock jurors and supporting personnel, interpretation services, and photocopy, document imaging, file hosting, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g. any mediator who is assigned to hear this matter, including any staff of such mediator, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

h. an author, recipient, or custodian of a document or corporate representative of the producing Party; and

i. the Court and its personnel.

6. A Party shall designate documents, information, or material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL (i) shall be used by the Parties only in this litigation for prosecuting, defending, or attempting to settle this Action; (ii)

shall not be used for any business purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever, unless required to be disclosed in such other legal or administrative proceeding, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. The restrictions and obligations set forth in this Order relating to DESIGNATED MATERIAL shall not apply to any information that: (a) the Parties agree, or the Court rules, is or has become public knowledge other than as a result of disclosure by the receiving Party in violation of this Order; (b) has come or shall come into the receiving Party's legitimate possession independently of the producing Party; or (c) has been independently developed by or for the receiving Party without use of, or reference to, the producing Party's Protected Material, which Protected Material shall remain protected under this Order.

9. To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material

includes computer source code (e.g., computer code, machine readable code, programming language, scripts, assembly code, binaries and object code, and/or hardware description language) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE". A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code need not be designated "RESTRICTED CONFIDENTIAL SOURCE CODE" but should be designated "RESTRICTED – ATTORNEYS' EYES ONLY."

10. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-h); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client. Nothing in this paragraph 10 precludes outside counsel for a Party from informing their client(s) designated under paragraph 5(d) and who agree to be bound by this Protective Order of high-level damages estimates, solely to aid in settlement discussions or mediation and advise on damages models, so long as no information designated RESTRICTED – ATTORNEYS' EYES ONLY is revealed.

11. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h). The following additional restrictions apply for Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE:

a. Access to a Party's (including a Third Party's) Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer(s) may not be

linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computers"). The Source Code Computers shall be password protected. Without the permission of the Producing Party, neither the receiving Party's outside counsel nor its outside consultants or experts may connect any device to the Source Code Computers. The Source Code Computers may be connected to a printer, however, all printing shall be performed by the producing Party or the producing Party's outside counsel, upon request by the receiving Party or the receiving Party's reviewer(s). Except as otherwise permitted in this Order, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, except that the receiving Party shall be permitted to have made a reasonable number of printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving party should identify the Source Code Material the receiving party wants to request for printing by saving (as PDFs) the requested pages on the Source Code Computers and making a written request to the producing Party. The receiving Party is entitled to print up to fifty (50) consecutive pages of Source Code Material and up to three hundred and fifty (350) total pages of Source Code Material during the duration of the case. The producing Party and the producing Party's expert(s) will be subject to the same printing restrictions for purposes of this action as that of the receiving Party. To the extent a receiving Party requests to print additional Source Code Material, the parties agree to meet and confer regarding any such request. The Source Code Computers shall be located at one of the offices of the producing Party's outside counsel, or other location(s) mutually agreed upon by the producing Party and the receiving Party, in a room where the receiving Party's outside counsel, consultants, and experts can review the Source Code Material in private. A mouse, keyboard, and a display screen or monitor of a size of at least twenty-three inches shall be provided by the producing Party for each stand-alone computer on which Source Code Material is produced. The hardware and software specifications of the Source Code Computers (e.g., processor speed, RAM, operating system, and monitor) shall be commensurate with that of computers used by the producing Party to work with source code in the ordinary course of business. No recordable media or recordable devices, including cell phones, shall be permitted into the room with the Source Code Computers. The receiving Party is permitted to use a note-taking laptop to be provided by the producing Party, not connected to any network and with the camera disabled. The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code by hand or on the note-taking laptop, but may not copy any line of Source Code Material into the notes. For the avoidance of doubt, no reviewer may at any time copy any portions or sections of source code material into either electronic or paper notes, and counsel for the reviewing Party shall instruct its reviewer(s) not to copy or include any portion or section of source code material in either electronic or paper notes. However, the notes may contain descriptions of source code functionality, including filenames, directory names, module names, class names, method names, procedure names, function names, variable names, parameter names, and other individual identifiers derived from Source Code, which do not,

by themselves, constitute a line of Source Code Material. Any notes, whether electronic or paper, relating to the Source Code will be treated as "RESTRICTED – ATTORNEYS' EYES ONLY." The receiving Party shall be able to copy the notes from the note taking laptop onto a recordable device at the end of each day of inspection under the supervision of the producing Party.

b. Any review of source code on the Source Code Computer(s) by the receiving Party must occur prior to the close of expert discovery unless otherwise agreed among the parties or ordered by the Court.

c. The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where the Source Code Computers are located. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

d. The Party requesting to inspect source code shall provide notice to the producing Party of its request ten (10) business days in advance of the first requested inspection, absent circumstances warranting good cause for a shorter notice, and three (3) business days in advance of each subsequent requested inspection, absent circumstances warranting good cause for shorter notice. In advance of the inspection, the receiving Party will identify the individual(s) who will be reviewing the source code, as well as the anticipated hours of the review. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the Source Code Computers. Proper identification includes any official government-issued identification. Access to the secure room or the Source Code Computers may be denied to any individual who fails to provide proper identification.

e. The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code Material on the Source Code Computers;

f. The reviewing Party or its expert(s) shall not attempt to circumvent the security of the Source Code Computers or confidentiality of the Source Code Material displayed. A telephone and internet access will be provided in a breakout room convenient to and near the source code review room—i.e., a room in close proximity to the source code review room; a reviewer shall be permitted to access the internet and use a personal cell phone in that room. The receiving Party shall not be permitted to bring the Source Code Computer from the review room into the breakout room;

g. The producing Party may maintain a daily log of the names of persons who enter

the designated facility to view the materials and when they enter and depart and may require reviewers for the receiving Party to sign the log indicating when they enter and depart the review room. The producing Party shall be entitled to have a person observe all entrances and exits from the reviewing room, but entrances and exits only, not the review itself. All access to the source code may be maintained on a source code Access Log identifying, for each and every time any source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; and (3) the date and time at which such access ended;

h. The producing Party will produce Source Code Material in computer searchable format on the Source Code Computers as described above. The receiving Party may request that the producing Party install certain licensed software to assist with review of the producing Party's Source Code Material. Any costs associated with acquiring licenses to requested software tools shall be borne by the receiving Party. Such request shall be subject to the approval of the producing Party, which shall not be unreasonably withheld. To allow the producing Party reasonable time to prepare the Source Code Computers, the receiving Party must provide the producing Party the computer medium (e.g., CD, DVD, USB drive, or FTP) containing the requested software tools at least ten (10) business days in advance of the inspection. The producing Party will install and confirm installation of said software on the Source Code Computers prior to the date the receiving Party seeks access. The receiving Party shall not erase, load, install, or otherwise modify any program on the Source Code Computer without first submitting a written request and obtaining the producing Party's agreement to the request.

i. Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or competitor of the producing Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to the Protective Order applicable to this Action[2];

j. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Such material may not leave the United States of America, nor shall it be accessed from outside the United States of America without prior written agreement from the producing Party.

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or analysis shall count as a disclosure to a single consultant or expert.

Compliance with all export controls is the sole responsibility of the receiving Party.

k. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

l. Except as set forth herein or unless otherwise agreed to by the Parties, no electronic copies of Source Code Material shall be made without the prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed, served, or shown electronically;

m. The receiving Party shall be permitted up to four printouts of Source Code Material, as set out above in paragraph 11(a), and further all of which shall be requested from and printed by the producing Party on paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE." Any printouts of Source Code Material must be made on colored (i.e., non-white) paper. Within five (5) business days of the request for printouts, the producing Party shall provide the printouts to the receiving Party;

n. Should such printouts be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

o. The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and address(es) where the copies are stored. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of Source Code Material;

p. If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers, unless otherwise agreed by the producing Party. All paper copies of source code brought

to the deposition must be returned to the receiving Counsel following the deposition for secure transport back to the secured locked area in the offices of the receiving Counsel;

q. A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(j) above to another person authorized under paragraph 11(j) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Any such removable electronic media must be encrypted using commercially reasonable encryption software including password protection. Except for purposes of serving, filing, or transmitting a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(q) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer without prior consent from the producing Party or as necessary to file with the Court or serve documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically under seal;

r. No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order; and

s. Designated Source Code Material of a producing Party may not be used or discussed in any way in a mock trial or any other form of jury testing exercise. This does not preclude a Party from discussing source code generally, or using some form of pseudo code.

12. Any attorney representing a Party, whether in-house or outside counsel, and any person who is both associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other

affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13. Should a Party elect to utilize artificial intelligence ("AI") to assist in reviewing, analyzing, translating or summarizing discovery material produced or exchanged in this litigation, the Party shall take all necessary steps to ensure that the application, service, or analytical software is fully containerized. "Fully containerized," as used in this Order, means an AI tool that does not retain the substance of a prompt or documents reviewed, share the substance of a prompt or documents reviewed for training or improvement of large language models, or use the substance of a prompt or documents reviewed in any other matter or inquiry other than these Actions. For the avoidance of doubt, this restriction expressly applies to the use of non-containerized advanced large language models, generative AI tools, and other advanced AI systems, including, but not limited to, OpenAI, Anthropic, Gemini, LLAMA, MidJourney, and Stable Diffusion, but this provision does not limit the use of services leveraging the technology underlying these generative AI tools in a fully containerized environment, including, but not limited to, Copilot Enterprise, Harvey, Relativity aiR, Solve, Patlytics, DISCO Cecelia, Everlaw AI, Syllo, Alchemy, Lexis+ AI, Epiq AIDA, and Lighthouse AI. Before submitting any DESIGNATED MATERIAL to a fully containerized AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such

DESIGNATED MATERIAL from the AI tool at the conclusion of this matter, including any derivative information stored within the tool. To be clear, any person or entity in possession of DESIGNATED MATERIAL produced or exchanged in this litigation shall not submit such DESIGNATED MATERIAL or summary thereof to any open generative AI tool that is available to the public, so that the DESIGNATED MATERIAL is not further disclosed or used in any manner inconsistent with this Order. The obligations and restrictions of this paragraph apply even where the DESIGNATED MATERIAL has been anonymized.

14. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. *See, e.g.*, 15 CFR Part 734. [Semantic: Any material subject to governmental export control restrictions that precludes it from being taken beyond the territorial boundaries of the United States of America or being made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)) shall be designated by the Party producing it by placing the words "EXPORT CONTROLLED" clearly on each page of such

material.][3] [4] [Microsoft: The viewing of Protected Material] [Semantic: EXPORT CONTROLLED material] in physical form and/or through electronic means outside the territorial limits of the United States of America is prohibited. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.]

15. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the

[3] Semantic Position: As proposed by Microsoft, Paragraph 14 categorically precludes the viewing of Protected Material outside the United States. There is no justification for such a provision—one at odds with Microsoft's own publicly reported history of disclosing technical material to non-U.S. citizens as part of its day-to-day operations. https://www.grassley.senate.gov/imo/media/doc/grassley_durbin_to_microsoft_-_h-1b.pdf. In particular, as reported by the Judiciary Committee of the United States Senate, Microsoft was "the third-largest employer of newly approved H1-B visa beneficiaries in the nation" in 2025. *Id.* Instead, to the extent Paragraph 14 is adopted at all, it should be limited as Semantic proposes such that (1) it applies only to limit the disclosure of material actually subject to United States export control laws and (2) the party producing such materials must explicitly designate them as EXPORT CONTROLLED so that the receiving Party is aware of such limitations. Such conditions are driven by common sense and practicality. First, not all DESIGNATED MATERIAL is subject to United States export control laws. As such, the disclosure limitations specified in this paragraph should be limited to those materials that actually are subject to United States export control restrictions. Second, the producing Party is the party in the best position to know which of its produced materials are subject to export control restrictions. Accordingly, the producing Party should be required to explicitly designate any such material as EXPORT CONTROLLED to put the receiving Party on notice of its obligations with respect to them. After all, Semantic otherwise will have no way to know what materials Microsoft believes are subject to export control restrictions.

[4] Microsoft Position: Microsoft has included the export control provision given its role as a technology company and the potential for discovery to include information that cannot be exported pursuant to United States law. Microsoft's proposal does not categorically preclude disclosure of Protected Material to non-U.S. citizens; it merely states that export control laws may apply and prohibits viewing of protected material outside of the United States, regardless of who is viewing. Although Semantic has not disclosed whether it intends to disclose any Protected Information to persons who would be prohibited from accessing materials due to export control laws and/or Microsoft's proposal, to the extent it does, the parties should meet and confer regarding any proposed exceptions to those prohibitions and/or whether and how to further designate information provided in discovery. Moreover, all parties are subject to applicable export control laws regardless of the provisions here, rendering Semantic's more detailed and burdensome proposal ineffective and impractical.

work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, pursuant to Federal Rule of Evidence 502(d), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal, state, local, or administrative proceeding. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall, within three (3) business days of being notified, gather and return or destroy all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. If the recipient(s) contest the privilege or work product designation by the producing Party, the recipient(s) shall provide written notice of the reasons for disputing the claim of privilege, and the Parties shall confer in good faith to resolve the dispute. The receiving Party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent or unintentional production. If a claim is disputed, the receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.

16. There shall be no disclosure of any DESIGNATED MATERIAL by any person

authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17. Any person in possession of another Party's DESIGNATED MATERIAL shall exercise the same degree of care with respect to its storage, custody, and use that such person applies to its own information of comparable sensitivity, but in no event less than reasonable precautions to protect against loss, misuse, or unauthorized access, disclosure, alteration, or destruction of such DESIGNATED MATERIAL. If a receiving Party discovers a breach of security involving another Party's DESIGNATED MATERIAL, it shall, no later than twenty-four (24) hours after discovery of the breach: (a) provide written notice of the breach to the designating Party; (b) investigate and remediate the effects of the breach; and (c) provide the designating Party with sufficient information to reasonably ascertain the size and scope of the breach, and shall thereafter cooperate reasonably with the designating Party in investigating the breach.

18. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10

of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[5]

19. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY.

20. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person or any Party may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

21. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal pursuant to the applicable Court orders or procedures regarding motions to seal, including

[5] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, such attorney shall be subject to the limitations of this Order and shall be requested prior to commencement of the deposition to execute the Undertaking attached as Appendix A. In the event such attorney declines to sign the Undertaking prior to the examination, any party may seek a protective order from the Court prohibiting the attorney from disclosing Protected Material to any person not authorized under this Order.

L.R. CV-5(7), and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. The filing Party thereafter shall file a redacted copy of such filing within fourteen (14) days. To effectuate such filing, within three (3) business days of filing DESIGNATED MATERIAL under seal, the filing Party shall provide any Party whose DESIGNATED MATERIAL is involved with a proposed redacted version of the submission intended for the public file, unless the entire document is confidential information. Any Party objecting to the proposed redactions must notify the filing Party within two (2) business days of receipt of any requested modifications, and the filing Party must accept, reject, or negotiate the requested modifications within two (2) business days thereafter. If no agreement is reached, the Party seeking broader redactions must file a motion with the Court explaining why the broader redactions are warranted and requesting an extension of the fourteen (14) day period in which the filing party is to submit the redacted version. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

22. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

23. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. The written request shall describe the

basis for the challenge. The designating Party must respond within five (5) business days of receiving the request by either agreeing to modify the designation or explaining why it believes the designation is proper. If the designating Party does not agree to redesignation within ten (10) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

24. Each outside consultant or expert, each designated representative identified pursuant to paragraph 5(d), each independent litigation support service provider identified pursuant to paragraph 5(f), and any deposition witness shown HIGHLY SENSITIVE MATERIAL, to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order and shall be informed that he or she is subject to the terms and conditions of this Order.

25. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

26. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL", "RESTRICTED – ATTORNEYS' EYES ONLY", or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other

material, in whole or in part, produced, given, or made available for inspection by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY" in accordance with this Order.

27. If a Party is served with a subpoena or court order in other litigation that compels disclosure of any DESIGNATED MATERIAL produced in this Action, that Party shall: (a) promptly notify the designating Party in writing, enclosing a copy of the subpoena or order; and (b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material sought is subject to this Order, enclosing a copy of this Order. The Party served with the subpoena or order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless it has obtained the designating Party's permission, and the designating Party shall bear the burden and expense of seeking protection of its DESIGNATED MATERIAL in that other proceeding.

28. If a Party is required by a valid discovery request in this Action to produce a Third Party's confidential material that is in its possession, and the Party is subject to an agreement with the Third Party not to produce such material, the Party shall: (a) promptly notify the requesting Party and the Third Party in writing that some or all of the material requested is subject to a confidentiality agreement with the Third Party; (b) promptly provide the Third Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the requested information available for inspection by the Third Party. If the Third Party fails to object or seek a protective order within fourteen (14) days

of receiving such notice, the Party may produce the Third Party's material in response to the discovery request. If the Third Party timely seeks a protective order, the Party shall not produce the material before a determination by the Court, and the Third Party shall bear the burden and expense of seeking protection of its material.

29. "Protected Data" refers to any information that a Party or Non-Party reasonably believes to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR"). To the extent a party contends that DESIGNATED MATERIAL constitutes Protected Data that requires additional safeguards pursuant to Federal, State, or foreign statutes, regulations, or privacy obligations, the parties shall meet and confer regarding such issues. To the extent that the parties are unable to reach agreement, the burden shall be on the producing Party to promptly seek a protective order regarding the production of such materials.

30. Except as necessary to comply with P.R. 3-7, the parties agree that any documents or information not shared with a third party (other than a retained litigation expert or consultant) and withheld from discovery solely on grounds of attorney-client privilege or work product that arose or came into existence after April 23, 2026, are exempt from privilege log disclosure requirements. [Semantic's Proposal: In addition, (i) attorney work-product materials created by or

on behalf of a party's outside litigation counsel of record regarding the above-captioned action in which such counsel represent the party; and (ii) privileged communications between a party and its outside litigation counsel of record regarding the above-captioned action in which such counsel represent the party, do not need to be included on any privilege log.][6] [7] However, this provision shall not constitute a waiver of a party's right to specifically request privilege logs covering specific categories of documents created before or after the filing of the Complaint, upon a showing of good cause.

31. The provisions of this Order shall continue to be binding after final termination of

---

[6] Semantic Position: To the extent relevant at all, attorney-client communications between a party and its outside litigation counsel of record and work product created by or on behalf of a party's outside litigation counsel of record are privileged. Accordingly, requiring the parties (predominately Plaintiff) to log such materials imposes a significant burden and costs with no countervailing discovery benefit. Indeed, the commonsense benefit of the provision is demonstrated by the fact that Microsoft agreed to it in the Discovery Order entered in *ParTec AG v. Microsoft Corp.*, No. 2:24-cv-00433-RWS, ECF No. 22 (E.D. Tex. Oct. 2, 2024). Moreover, there is no countervailing benefit. Contrary to Microsoft's point below, not only is it irrelevant when Semantic first became aware of the alleged infringement and/or conducted a pre-suit investigation, but the provision of a log would not disclose any such information in any case. Further, to the extent Microsoft believes otherwise, the provision includes a good cause exception in the following sentence, which preserves each party's right to request targeted privilege logs for good cause. As for the remainder of Microsoft's arguments, the reality is that—despite having Semantics position for weeks—Microsoft made its request for evidence of the burden its position would impose for the first time at 11:11 pm CT on the day the parties' submission was due. Had Microsoft made its request in a timely manner, Semantic could have addressed it during the parties' meet and confers.

[7] Microsoft Position: This paragraph addresses *exceptions* to the usual rules regarding logging documents withheld on the basis of a privilege or protection. In cases of all kinds, the standard is that documents predating the complaint must be logged, including in cases to which Microsoft is or has been a party in this District. Microsoft is entitled via discovery to the types of nonprivileged relevant facts that appear on a privilege log, and it should not have to spend additional resources establishing good cause to test when, for example, Semantic first became aware of the alleged infringement or conducted a pre-suit investigation, if any, which are relevant to Microsoft's defenses. Microsoft notified Semantic by email on August 6 that Microsoft wished to discuss the "significant burden and costs" of logging this information, and during the parties' meet and confer on August 7, Microsoft asked Semantic for this information, but Semantic did not respond and so has not substantiated its purported burden.

this case until a producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. However, notwithstanding this requirement, counsel may retain for archival purposes copies of any court filings, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, attorney work product, communications, consultant and expert work product, and exhibits offered or introduced into evidence at any hearing or trial that contain or constitute Protected Material or DESIGNATED MATERIAL , provided such counsel was entitled to receive such material prior to the final termination of this matter. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by such counsel. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations, and further counsel shall not be required to delete DESIGNATED MATERIAL that may reside on their respective firms' or vendors' electronic disaster recovery systems that are overwritten in the ordinary course of business, or that may reside in electronic files that are not reasonably accessible, provided that no

Party or its counsel shall retrieve, access, or use any such DESIGNATED MATERIAL from such systems or sources after conclusion of this Action.

32. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the later designation of such documents, information, or material, or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

33. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

34. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

35. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

36. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or

entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SEMANTIC ENGINES LLC,<br><br>Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:26-cv-339-JRG |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ____________________________________________, declare that:

1. My address is ___________________________________________________________.

   My current employer is __________________________________________________.

   My current occupation is _________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ____________________________________________